**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>               Plaintiff,<br><br>v.<br><br>Kelly Terrell Lipsey,<br><br>               Defendant. | No. CR-07-01208-001-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant Kelly Terrell Lipsey's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 239.) For the following reasons, the Motion is denied.[1]

## BACKGROUND

Defendant pled guilty to one count of Sex Trafficking by Force, Fraud or Coercion on January 27, 2009. (Doc. 208.) The Court sentenced the Defendant to 180 months to run concurrently with the sentence imposed in Maricopa County Superior Court. (Doc. 207.) Defendant is currently serving his sentence at the Arizona Department of Corrections. (Doc. 239 at 2.) Defendant is scheduled to complete his federal sentence on February 20, 2022 and his state sentence on October 5, 2028. *Id.*

---

[1] Defendant requested oral argument and an evidentiary hearing. Those requests are denied because the parties have had an adequate opportunity to discuss the law and evidence and oral argument and an evidentiary hearing will not aid the Court's decision. *See Lake at Las Vegas Invs. Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991); *United States v. Sarabia*, 446 Fed. App'x. 48, 49–50 (9th Cir. 2011).


# DISCUSSION

## I. Legal Standard

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *see United States v. Tsosie*, No. CR940003101PCTDGC, 2020 WL 3268694, at *1 (D. Ariz. June 17, 2020) ("The First Step Act amended § 3582(c) to permit motions for compassionate release by prisoners," rather than only the Prison Director). Amended § 3582(c) provides:

> (A) the court, upon motion of the Director of the Bureau of Prisons [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

## II. Analysis

As it is dispositive of Defendant's Motion, the Court addresses only whether Defendant poses a danger to the community.[2] In addition to showing extraordinary and compelling reasons for release, Defendant must show he "is not a danger to the safety of any other person or the community, as provided under [18 U.S.C. § 3142(g)]." 18 U.S.C. § 3582(c)(1)(A)(ii). In making this determination, courts should consider "(1) the nature and circumstances of the offense charged . . .; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . .; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

---

[2] The parties dispute whether Defendant's request for compassionate release is premature. It is not necessary to resolve this dispute as the Court dismisses Defendant's motion on the merits.

Regardless of whether Defendant's pre-existing conditions, combined with the COVID-19 pandemic, are extraordinary and compelling reasons for release, Defendant has failed to demonstrate he would not pose a danger to any person or the community if released. Defendant pled guilty to forcing a woman into prostitution. (Doc. 208.) In light of the serious nature of this offense, Defendant's reported participation in self-improvement classes and anti-sex trafficking advocacy are not enough to show he is no longer a threat to public safety. Accordingly, Defendant's Motion is denied.

## CONCLUSION

For the reasons set forth above, Defendant's Motion is denied because he poses a danger the community.

**IT IS THEREFORE ORDERED** that Defendant Kelly Terrell Lipsey's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release) (Doc. 239) is **DENIED.**

Dated this 23rd day of April, 2021.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge