**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Kelly Terrell Lipsey,<br><br>Defendant. | No. CR-07-01208-001-PHX-GMS<br><br>**ORDER** |

Before the Court is Defendant's Supplemental Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), (Doc. 267), remanded for further consideration by the United States Court of Appeals for the Ninth Circuit. (Doc. 261.) For the following reasons, Defendant's Motion is denied. Defendant's Motion to Seal (Doc. 268) is granted.

## BACKGROUND

Defendant pled guilty to one count of Sex Trafficking by Force, Fraud or Coercion on January 27, 2009. (Doc. 157.) The Court sentenced the Defendant to 180 months to run concurrently with the sentence imposed in Maricopa County Superior Court. (Doc. 207.) Defendant is currently serving his sentence at the Arizona Department of Corrections ("ADOC"). (Doc. 239 at 2.) Defendant is scheduled to complete his federal sentence on February 20, 2022 and his state sentence on October 5, 2028. *Id.* Defendant filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 239.) After full briefing, the Court denied Defendant's motion because Defendant posed a danger

to the community. (Doc. 255.) On appeal, the Ninth Circuit vacated the Court's order in light of *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021), and remanded the case for reconsideration. (Doc. 261.)

**DISCUSSION**

**I.     Legal Standard**

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). Under the statute, a court may reduce a defendant's term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." 18 U.S.C. § 3582(c)(1)(A). A defendant may only seek compassionate release if he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on his behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.*

If the defendant satisfies the administrative exhaustion requirement, he must next show (1) that his request is consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a), and (2) that "extraordinary and compelling reasons warrant" a reduction in his sentence and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Although § 3582(c) does not define "extraordinary and compelling reasons," the Sentencing Commission has identified four categories that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. § 1B1.13, application note 1(A)–(D); *see United States v. Esparza*, No. 17-CR-1101-JAH, 2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020). Specifically, the commission contemplated a medical condition from which the defendant is not expected to recover—one that "substantially diminishes the ability of the defendant to provide self care within the environment of a correctional facility." U.S.S.G. § 1B1.13, application note 1(A) (providing as examples terminal illness, deteriorating physical or mental health, and serious cognitive impairment). While U.S.S.G. § 1B1.13 is not binding on the Court because it only applies to motions for compassionate release filed by the BOP

director, it may "inform [the Court's] discretion" in considering motions filed by defendants under the First Step Act. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021)

## II.     Analysis

First, the Court must consider whether Defendant exhausted administrative remedies. Defendant concedes that he has not sought administrative relief from BOP but argues that to do so would be futile because he is not currently in BOP custody, and there is no BOP warden from whom he can seek relief. (Doc. 238 at 3.) The Government does not dispute that BOP only considers requests for compassionate release from inmates in their custody. (Doc. 245 at 5.) Therefore, even if Defendant were to submit a petition to the BOP at this time, it is undisputed that such a petition would not be considered.

Courts considering similar issues have found that § 3582(c)'s exhaustion requirement is met when the defendant is unable to petition the BOP because he is not in BOP custody. *See United States v. Arreola-Bretado*, 445 F. Supp. 3d 1154, 1157 (S.D. Cal. 2020) ("This Court can envision no situation more futile than being required to petition a BOP warden who does not exist"); *United States v. Garcia-Zuniga*, No. 19cr4139 JM, 2020 WL 3403070, at *1 (S.D. Cal. June 19, 2020); *United States v. Jepsen*, 451 F. Supp. 3d 242, 245 (D. Conn. 2020); *United States v. Norris*, 458 F. Supp. 3d 383, 386 (E.D.N.C. 2020). Because Defendant is serving his federal sentence outside the custody of the BOP, where no BOP administrative procedures are available to him, he has satisfied § 3582(c)'s administrative exhaustion requirement.

Turning to the merits, Defendant's motion fails because he has not articulated extraordinary and compelling circumstances that warrant a reduction in his sentence. Defendant has been diagnosed with several medical conditions—high blood pressure, emphysema, asthma, and type 1 diabetes—that may increase his risk of experiencing a severe case of COVID-19. (Doc. 243 (sealed) at 1–5.) *See, e.g.*, *United States v. Ben-Yhwh*, 453 F. Supp. 3d 1324, 1329–30 (D. Haw. 2020) (finding defendant diagnosed with Parkinson's disease, asthma, high blood pressure, diabetes, among other conditions to be

at high risk of experiencing a severe case of COVID-19). Defendant contracted COVID-19 in December 2020 and was formally diagnosed with post-viral fatigue syndrome in March 2021. (Doc. 267 at 2.) Defendant is fully vaccinated against COVID-19. (Doc. 267 at 3.)

While Defendant's underlying medical conditions might increase his risk of contracting COVID-19 in a vacuum, they do not warrant a reduction of his sentence when viewed alongside his prior infection and vaccination status. "Courts in this circuit have found that a defendant's receipt of the COVID-19 vaccine weighs against granting compassionate release" because vaccination greatly reduces an individual's risk of experiencing a severe case of COVID-19. *United States v. Nash*, No. CR-03-00059-001-PHX-JAT, 2021 WL 1969729, at *3 (D. Ariz. May 6, 2021); *United States v. Baeza-Vargas*, 532 F. Supp. 3d 840, 845 (D. Ariz. 2021) (collecting cases). Recent studies have also indicated that individuals who have recovered from COVID-19 and then obtained a vaccine experience even greater protection against severe cases of COVID-19 were they to be reinfected. *See Science Brief: SARS-CoV-2 Infection-induced and Vaccine-induced Immunity*, Centers for Disease Control and Prevention (Oct. 29, 2021), https://perma.cc/DG3G-NK8S. And while the Omicron variant appears to cause a greater number of breakthrough cases in vaccinated individuals than prior strains of COVID-19 have, the "existing, FDA-approved COVID-19 vaccines are still very effective at preventing serious illness." (Doc. 267-2 at 2.) Therefore, Defendant's risk of experiencing a severe case of COVID-19 is comparatively low, even during the current surge. As a result, Defendant's health conditions do not amount to extraordinary and compelling reasons that warrant a reduction in his sentence.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Supplemental Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release) (Doc. 267) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Seal Appendix A to Defendant's Supplemental Motion to Reduce Sentence Pursuant to 18 U.S.C.

§ 3582(c)(1)(A)(i) (Doc. 268) is **GRANTED.**  The Clerk of Court is directed to file under seal the Appendix A lodged at Doc. 269.

Dated this 20th day of January, 2022.

_____
G. Murray Snow
Chief United States District Judge